## WEST PUB. CO. v. EDWARD THOMPSON CO.

### (Circuit Court, E. D. New York.   March 27, 1911.)

1. Copyrights (§§ 15, 55, 61*)—Infringement—Law Reports and Digests Infringed by Encyclopædias.

   The copyrights covering the Reporters of the National Reporter System, and the Digests of the American Digest System, *held* valid and infringed by the American and English Encyclopædia of Law, and the Encyclopædia of Pleading and Practice.

   [Ed. Note.—For other cases, see Copyrights, Dec. Dig. §§ 15, 55, 61.*]

2. Copyrights (§ 87*)—Suit for Infringement—Damages in Lieu of Equitable Relief.

   A court of equity, in a suit for infringement of copyright, may award complainant damages, to be assessed by a master, in lieu of an injunction and an accounting.

   [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 81; Dec. Dig. § 87.*]

In Equity.   Suit by the West Publishing Company, of St. Paul Minn., against the Edward Thompson Company, of Northport, Long Island, N. Y., for infringement of the copyrights covering the National Reporter System and the American Digest System, by the printing and publication of the American and English Encyclopædia of Law (first and second editions) and the Encyclopædia of Pleading and Practice.   Decree for complainant.

For prior reports, see 151 Fed. 138; 152 Fed. 1019; 169 Fed. 833; 176 Fed. 833, 100 C. C. A. 303.

William B. Hale and Henry E. Randall, for complainant.

Walter Large, Frank P. Prichard, and William M. McKinney, for defendant.

An interlocutory decree was entered in this cause on May 17, 1910, reading as follows:

Whereas, on the 12th day of June, 1909, a final decree was entered herein in the office of the clerk of this court, in the words and figures following, to wit:

"This cause having come on for final hearing on the 24th day of June, 1907, upon the bill of complaint, the answer thereto, the replication, and the proofs duly taken and filed therein, and having been duly argued by Edmund Wetmore, Esq., and William B. Hale, Esq., of counsel in behalf of the complainant, and by Frank P. Prichard, Esq., and John L. Hill, Esq., of counsel in behalf of the defendant,

"Now, therefore, upon consideration thereof, and on motion of Walter Large, Esq., solicitor for defendant, and on due deliberation had, it is

"Ordered, adjudged, and decreed that the bill of complaint in the above-entitled suit be and the same hereby is dismissed upon the merits, without costs.                    THOMAS I. CHATFIELD, U. S. District Judge."

And whereas, an appeal was thereafter taken to the United States Circuit Court of Appeals for the Second Circuit, and in the term of October, 1909, as appears by the mandate of the said United States Circuit Court of Appeals, dated the 25th day of March, 1910, the said

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

United States Circuit Court of Appeals, by its mandate, ordered, adjudged, and decreed as follows, to wit:

"Ordered, adjudged, and decreed, that the decree of said Circuit Court be, and it hereby is, modified without costs of this court to either party, so that said decree shall not dismiss the bill of complaint upon the merits, but shall deny the injunction and accounting of profits, and shall provide that the complainant recover of the defendant its damages, without costs of the Circuit Court accruing prior to the entry of the decree, the cause to be referred to a master to take proofs and report the same with his findings as to the amount of said damages, and this cause is remanded to said Circuit Court with directions to proceed in accordance herewith. It is further ordered that a mandate issue to the said Circuit Court in accordance with this decree."

And thereupon, the defendant having interposed an objection to the making of a decree by this court, referring the said cause to a master for the purpose above stated, on the ground that the decree and mandate of the said United States Circuit Court of Appeals are irregular, erroneous, and void, and that this court, notwithstanding the said decree and mandate, has no power or authority to refer the said cause to a master as aforesaid, and that the said United States Circuit Court of Appeals has no power or authority to make said decree and issue said mandate directing such reference:

Now, on consideration thereof, and in accordance with said decision and mandate of the said United States Circuit Court of Appeals, the defendant's said objection having been overruled, it is this day:

Ordered, adjudged, and decreed, that the said mandate be filed in the office of the clerk of this court, and that the said mandate be, and the same hereby is, made the order, judgment, and decree of this court; and it is

Further ordered, adjudged, and decreed, that said prior decree of this court dismissing the bill of complaint upon the merits be, and the same hereby is, modified so as to read in full as follows:

"Ordered, adjudged, and decreed, that the injunction and accounting of profits prayed for in complainant's bill be denied, and further ordered, adjudged, and decreed, that the complainant is entitled to a judgment for an unfair use of its literary property; and it is further ordered, adjudged, and decreed, that the cause be referred to B. Lincoln Benedict, of Brooklyn, who for the convenience of the parties and because of his fitness is hereby appointed special master to take proofs and report the same with his findings as to the amount of any damages, and that upon the coming in and confirmation of said report that said complainant have judgment for the amount found but without costs prior to the entry of said decree.

"[Signed]                 THOMAS I. CHATFIELD.
"United States District Judge Holding the Circuit Court."

A final decree was entered in this cause on March 27, 1911, reading as follows:

This cause having been brought to a final hearing upon the bill of complaint and answer thereto, the replication, and the proofs, oral and documentary, duly taken and filed herein, and an interlocutory decree for complainant having been made and entered herein on, to wit, the 17th day of May, 1910, whereby it was adjudged that complainant was entitled to a judgment for damages against the defendant by reason of the infringement of copyrights complained of in said bill of

complaint herein, and referring this cause to B. Lincoln Benedict, Esq., as special master, to take proofs and report the same with his findings as to the amount of complainant's said damages, and the parties hereto having made and filed a stipulation in writing herein reading in full as follows, to wit:

"Whereas it has been adjudged by the interlocutory decree herein that the defendant, Edward Thompson Company, has violated and infringed the copyrights of complainant, West Publishing Company, as alleged in the bill of complaint herein, to an undetermined extent, by the printing, publication and sale of its several encyclopædias entitled, respectively, American and English Encyclopædia of Law (First Edition), American and English Encyclopædia of Law, Second Edition (first twenty-three volumes thereof), and the Encyclopædia of Pleading and Practice; and whereas, the complainant, West Publishing Company, has suffered damages by reason of said infringement of its copyrights, and a reference is now proceeding before the special master herein, to determine the amount of said damages; and whereas, said West Publishing Company has brought two additional suits against said Edward Thompson Company for infringement of complainant's said copyrights by the printing, publication and sale by defendant of the last seven volumes of its said American and English Encyclopædia of Law (Second Edition) and the first four volumes of its American and English Encyclopædia of Law and Practice, which last named suits are pending, respectively, in the Circuit Courts of the United States for the Eastern and Southern Districts of New York; and whereas, the parties hereto being desirous of speedily determining all said litigations, have entered into an agreement of compromise and settlement, whereby it is provided, among other things, that defendant's liability for its said infringement of complainant's said copyrights, and for any and all damages recoverable therefor shall be discharged and satisfied by the assignment and transfer to the complainant, West Publishing Company, of all the copyrights, stock and plates of the said American and English Encyclopædia of Law (First Edition), the American and English Encyclopædia of Law (Second Edition), and the supplemental volumes thereof, the Encyclopædia of Pleading and Practice, and the supplemental volumes thereof, and the American and English Encyclopædia of Law and Practice (first five volumes thereof), and said transfers and assignments having been duly made, executed and delivered in accordance with said agreement: Now, therefore, in consideration of the premises,

"It is hereby stipulated, by and between the parties herein, that a final decree for complainant shall be forthwith entered herein against the defendant for the costs herein since the entry of the said interlocutory decree, and that the master be discharged from further consideration of the matters thereby referred to him."

Now, therefore, upon consideration thereof, and after hearing counsel for the respective parties, and upon motion of William B. Hale, solicitor for complainant, it is hereby

Ordered, adjudged, and decreed that B. Lincoln Benedict, Esq., special master herein, be, and he hereby is, discharged from further consideration of the matters heretofore referred to him by the interlocutory decree herein, upon payment of his fees; and it is in accordance with the opinion of the Circuit Court of Appeals herein

Further ordered, adjudged, and decreed that the works of the complainant are duly covered by copyright (with certain exceptions not necessary to be considered) of which complainant is the owner and proprietor, and that defendant has violated and infringed certain of said copyrighted rights of complainant by the printing, publication and sale of its said works entitled, respectively, American and English Encyclopædia of Law, First Edition, the American and English Ency-

clopædia of Law, Second Edition (first twenty-three volumes thereof), and the Encyclopædia of Pleading and Practice; and it is

Further ordered, adjudged, and decreed, the parties hereto having adjusted, settled, and discharged said claim for the damages awarded by said interlocutory decree herein, as appears from the stipulation filed herein, that complainant recover of the defendant the costs of this suit since the entry of said interlocutory decree, to be taxed by the clerk.

[Signed] THOMAS I. CHATFIELD,
U. S. District Judge Holding the Circuit Court.